IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br>JOE ARTHUR POWELL, JR.,<br>　　Debtor. | Case No. 3:15-bk-09010<br>Chapter 13<br>Judge Walker |
| JOE ARTHUR POWELL, JR.,<br>　　Movant,<br>v.<br>WVMF FUNDING, LLC and STATEBRIDGE COMPANY (SERVICER),<br>　　Respondents. | **CONTESTED MATTER** |

### WVMF FUNDING AND STATEBRIDGE COMPANY'S BRIEF IN SUPPORT OF THEIR RESPONSE TO DEBTOR'S MOTION FOR CONTEMPT

COME NOW, WVMF Funding, LLC ("WVMF") and Statebridge Company, LLC ("Statebridge") (sometimes collectively referred to as "Respondents") and file this Brief in Support of their Response to the Debtor's Motion for Contempt and Show Cause [Doc. 84], respectfully showing this Honorable Court as follows:

### STATEMENT OF FACTS

In this action, the Debtor has alleged that WVMF and Statebridge are "in violation of the Automatic Stay 11 U.S.C. Section 362 and other Orders in not paying the Debtor's homeowners insurance and is in noncompliance with the mortgage agreement." [Doc. 84]. The facts set forth by the Debtor are as follows:

　　1.　　Debtor filed his Chapter 13 Bankruptcy case on December 18, 2015 and the case was confirmed on March 25, 2016.
　　2.　　Debtor's mortgage payments included his property taxes and homeowners insurance.
　　3.　　Debtor has believed his homeowners insurance was held through Tenn. Farm Bureau.

1

> 4. September 2018, Debtor had a claim consisting of a leak in his garage and contacted Tenn. Farm Bureau to handle the matter. Tenn. Farm Bureau stated to him that he did not have insurance due to the premium not being paid in January 2018.
> 5. September 10, 2018 Debtor's counsel contacted Statebridge Co.'s Attorney of Record, Natalie Brown, and she in turn contacted her client without success.

[Doc. 84] at ¶¶ 1-5.

However, the evidence that will be introduced is expected to show that the Debtor failed to have his insurance renewal notice sent to Statebridge. Without such notice, Statebridge (on behalf of WVMF), had no obligation to pay for a policy it did not know about. Statebridge is the servicer of the mortgage loan held by WVMF, that is evidenced by the deed of trust recorded in Record Book 492, Page 2613, in the Register's Office of Rutherford County, Tennessee (the "Deed of Trust"). Statebridge became the loan servicer on March 15, 2018, taking over servicing from LoanCare, LLC.

According to documents provided by the Debtor – who, in turn, obtained them from Tennessee Farm Bureau – a renewal notice was processed on March 24, 2018, and an invoice for renewal was processed on April 4, 2018. Both of these dates are after Statebridge became the servicer, but the named mortgagee on these notices was LoanCare, LLC. Statebridge never received these documents from Tennessee Farm Bureau, the Debtor, or any other source. According to additional documents from Tennessee Farm Bureau, the insurer sent notice to the Debtor on May 1, 2018, that the premium was not paid and that the policy expired on April 28, 2018. Contrary to the Debtor's assertion, the premium was not due in January 2018.

The relevant provisions in the Deed of Trust relating to insurance are Sections 3 and 5. Section 3 requires the Debtor to pay funds every month to the lender to escrow items, such as property insurance. Notably, "Borrower shall promptly furnish to Lender all notices of amounts

to be paid under this Section." The lender, in turn, "shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA." As will be shown, RESPA does not require payment of insurance premiums when the renewal invoice is not provided. Section 5 of the Deed of Trust places the responsibility on the Debtor to maintain property insurance. Additionally, the Confirmation Order [Doc. 23] states that "the debtor shall be responsible for the preservation and protection – including insurance – of all property of the estate."

When Statebridge discovered that the Debtor's insurance policy was cancelled, it obtained a lender placed policy. This policy was backdated and effective from March 15, 2018, until September 25, 2018. A claim was made on this policy for the garage damage, and on January 16, 2019, a check was issued to Statebridge in the amount of $14,831.54, which will go towards restoration of the property. The Debtor was not changed any premium for the lender placed insurance policy.

Quite simply, there is simply no violation of any statute, order, or agreement. The Motion for Contempt must be denied.

## ARGUMENT AND CITATION OF AUTHORITY

**A.   THERE HAS BEEN NO VIOLATION OF THE AUTOMATIC STAY**

The only specific statute, order, or contract provision that the Debtor has claimed to have been violated is 11 U.S.C. § 362. However, the Debtor made no effort to state which subsection he believes was violated. The only relevant provision appears to be subsection (3), which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Under 11 U.S.C. § 362((k)(1), damages can only be recovered for a willful violation. "A violation of the stay can be willful when the creditor

knew of the stay and violated the stay by an intentional act." *In re Sharon*, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999) (collecting cases).

Assuming, *arguendo*, that funds for escrow items are property of the estate, neither Respondent took any intentional action to exercise control over the funds by failing to pay the renewal premium. As the evidence will show, Statebridge was never provided with the renewal notice or invoice and therefore had no knowledge that a payment was due. Pursuant to the terms of the Deed of Trust, the Debtor was responsible for ensuring that these notices were provided to Statebridge. The Deed of Trust, in turn, required payment for insurance premiums only at the time called for by RESPA. Under RESPA, insurance premiums must be paid timely "unless a servicer is unable to disburse funds from the borrower's escrow account to ensure that the borrower's hazard insurance premium charges are paid in a timely manner." 12 C.F.R. § 1024.17(k)(5). The CFPB's official interpretation of this section says that an inability to pay exists when "a servicer does not receive a payment notice by the expiration date of the borrower's hazard insurance policy." *Id.* at Supplement I (located at https://www.consumerfinance.gov/policy-compliance/rulemaking/regulations/1024/Interp-17/).[1] That is exactly what happened here. With no knowledge of a renewal being due, Statebridge and its principal, WVFM, took no intentional action to *not* pay the premium. The Debtor's Motion must be denied.

**B.    THERE WAS NO VIOLATION OF A COURT ORDER**

As an alternation (or additional) basis for relief, the Debtor also asserted that Respondents should be found in contempt for being "other Orders in not paying the Debtor's homeowners insurance . . . ." [Doc. 84]. However, there is no order in this case that requires

---

[1] "[T]he views of an agency charged with applying a statute constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Carter v. Welles-Bowen Realty, Inc.*, 553 F.3d 979, 987 (6th Cir. 2009).

WVMF or Statebridge to pay the insurance premiums (especially when not provided with information that the Debtor was required to provide), and the Debtor has not pointed to one. To the contrary, the Confirmation Order places the burden of insuring the property squarely on the Debtor. *See* [Doc. 23]. Thus, neither Respondent can be said to be in contempt of any court order, and the Debtor cannot obtain any relief on this basis.

C. **THERE HAS BEEN NO VIOLATION OF THE DEED OF TRUST**

Lastly, the Debtor also claims that Respondents are in "noncompliance with the mortgage agreement." [Doc. 84]. However, as shown above, that is clearly not the case. The Debtor was under the obligation to provide Statebridge with the renewal notice and invoice, and did not do so. With no knowledge of a premium to be paid, the duty to pay was not triggered. In any event, the Debtor cannot claim any damages, which is an essential element of a breach of contract claim. *See Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011) (citation omitted). Statebridge purchased a lender placed insurance policy and a claim was made for the property damage, resulting in a claim paying $14,831.54. Accordingly, the Debtor cannot obtain any relief based on an alleged breach of contract, and the Motion for Contempt must be denied.

Respectfully submitted, this 18th day of January, 2019.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)
**RUBIN LUBLIN TN, PLLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com

*Attorney for WVMF Funding, LLC and Statebridge Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, a copy of the within and foregoing has been filed via CM/ECF, which will serve notice on all parties.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)